UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LUTHER WOODS,

    Petitioner,

v.                                            Case No.  4:20-cv-177-MW-MJF

STATE OF FLORIDA,

    Respondent.
                                       /

## REPORT AND RECOMMENDATION

Luther Woods, a Florida prisoner proceeding *pro se*, has filed a document titled "Constitutional Challenge to a State Statute under Federal Rule of Civil Procedure 5.1." (Doc. 1).[1] Woods is challenging the constitutionality of Florida's burglary statute, Section 812.13, Florida Statutes. (*Id*.). Woods's purported pleading was not filed on a court-approved form, and was not accompanied by the appropriate filing fee or a motion to proceed *in forma pauperis*. Although typically this court would provide a *pro se* litigant with an opportunity to cure these deficiencies, it is not necessary to do so here, because it would be futile. Whether Woods's pleading

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B), (C); *see also* 28 U.S.C. § 636.

is construed as a Rule 5.1 notice, a civil rights complaint, or a habeas corpus petition, this case should be dismissed.

## I.    Woods's Pleading, Whether Construed as a Rule 5.1 Notice or as a Civil Complaint, Does Not Provide a Plausible Basis for Relief

Rule 5.1 of the Federal Rules of Civil Procedure provides in pertinent part:

> A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
>> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>>
>>> (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
>>>
>>> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>>
>> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Fed. R. Civ. P. 5.1(a). Rule 5.1 does not create a separate cause of action or basis for relief. In other words, the notice, itself, does not initiate a cause of action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The rule is merely a procedural mechanism whereby the court must inform the Attorney General and provide the United States the option to intervene in the event

that a party to an existing lawsuit makes a constitutional challenge and the United States is not a party to that suit. *See* Fed. R. Civ. P. 5.1; *see also, e.g., Gov't Emp.'s Ins. Co. v. KJ Chiropractic Ctr., LLC*, No. 6:12-cv-1138-Orl-36DAB, 2014 WL 12617569, at *2 n.4 (M.D. Fla. May 8, 2014); *Woods v. Sec'y, Dep't of Corr.*, No. 6:17-cv-02126-GKS-TBS, Doc. 5 (M.D. Fla. Jan. 12, 2018) (dismissing Woods's Rule 5.1 notice challenging the constitutionality of a federal statute). Because Rule 5.1 does not create a right of action, Woods's pleading should be dismissed for lack of jurisdiction.

Even if this Court liberally construed Woods's notice as a complaint, his complaint is subject to dismissal under 28 U.S.C. § 1915A, for failure to state a claim. Section 1915A requires a court to review a complaint "in a civil action in which a prisoner seeks redress from a governmental entity," and to "dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

"Article III of the U.S. Constitution limits the judicial power of the federal courts so that they may only exercise jurisdiction over 'Cases' and 'Controversies.'" *L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cty., Fla.*, 879 F.3d 1274, 1280 (11th Cir. 2018) (quoting U.S. Const. art. III, § 2, and *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992)). Standing is a component of justiciability. *Lujan*, 504 U.S. at 560-61. A plaintiff's standing, or lack thereof, is a "threshold question in every federal case,

determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff establishes standing only if he carries his burden of demonstrating: "(1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *L.M.P. ex rel. E.P.*, 879 F.3d at 1281 (citing *Lujan*, 504 U.S. at 560-61).

Woods's complaint challenges the constitutionality of Florida's criminal robbery statute, § 812.13. Woods, however, does not remotely suggest that he has been, or will be, injured by enforcement of the statute. Woods's failure to establish standing, therefore, also requires dismissal of this case.

Even if the court were to take judicial notice of Woods's 2013 robbery conviction under Fla. Stat. § 812.13, in Orange County Circuit Court Case No. 2011-CF-003731, Woods's complaint still should be dismissed for failure to state a claim.[2] Woods's sole avenue for relief is a habeas corpus petition. The Eleventh Circuit reiterated this well-established principle in *Wells v. Attorney Gen., Fla*, 470 F. App'x

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Woods was convicted of Robbery with a Firearm (Count 1) and Theft (Count 3) in the Circuit Court in and for Orange County, Florida. *See* Case No. 2011-CF-003731-A-O. The undersigned takes judicial notice of that action, including Woods's robbery conviction under Fla. Stat. § 812.13.

754 (11th Cir. 2012). In *Wells*, a Florida prisoner filed a complaint under 42 U.S.C. § 1983 challenging the constitutionality of the state statutes under which he was convicted and sentenced. *Id.* at 755. The district court dismissed the complaint because it sought habeas relief. *Id.* The Eleventh Circuit affirmed, explaining:

> A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.2006). These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. *Id.* The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. *Id.* "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir.1995) (quotation omitted). Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983. *Id.*

*Id.* at 755 (internal citations omitted).

Because Woods's claims effectively challenge the validity of his conviction and sentence for robbery, they are not cognizable under 42 U.S.C. § 1983. Woods's case should be dismissed under § 1915A(b)(1), for failure to state a claim.

## II. Woods's Pleading, Construed as a Habeas Corpus Petition, Should Be Dismissed as an Unauthorized Second or Successive Habeas Corpus Application

Even if the court were to construe Woods's pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254, this action still should be dismissed. The

undersigned takes judicial notice of the fact that Woods previously filed a habeas corpus application in federal court challenging his 2013 robbery conviction. On April 12, 2016, Woods filed a § 2254 petition in the United States District Court for the Middle District of Florida, challenging his 2013 Orange County convictions for armed robbery and theft. The Middle District denied the petition because Woods's claims were procedurally defaulted and meritless. *See Woods v. Sec'y, Dep't of Corr.*, No. 6:16-cv-00652-Orl-28TBS, 2017 WL 4157310 (M.D. Fla. Sept. 18, 2017), *appeal dismissed*, 2017 WL 6943238 (11th Cir. Dec. 12, 2017), *certificate of appealability denied*, (11th Cir. Nov. 20, 2018). Woods's present petition is a second or successive habeas corpus application.

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to

entertain a second habeas petition because prisoner failed to obtain an order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Woods does not allege or show that he obtained the Eleventh Circuit's authorization to file a second habeas corpus application. A case search of the Eleventh Circuit Court of Appeals' online docket confirms that Woods has not obtained authorization to file a second or successive § 2254 petition. Absent the Eleventh Circuit's authorization, this Court lacks jurisdiction to consider Woods's habeas corpus petition. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.[3]

The undersigned's recommended disposition of this case is consistent with the disposition of a similar action Woods filed in 2017, in which he also sought a declaration that Fla. Stat. § 812.13 is unconstitutional. *See Woods v. Bondi*, No. 4:17-cv-00045-MW-GRJ (N.D. Fla. Feb. 21, 2017) (dismissing, under 28 U.S.C. § 1915A and 28 U.S.C. § 2244(b)(3)(A), Woods's pleading titled "Petition Pursuant [to] 28 U.S.C. § 1331 and Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202").

---

[3] To the extent Woods seeks only prospective relief by having this Court declare the challenged statute unconstitutional, it is unclear how he would have standing. In order to challenge the constitutionality of a criminal statute, a plaintiff must demonstrate "an actual and well-founded fear that the law will be enforced against him." *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir.2010) (quotation and alteration omitted). The only plausible injury related to the constitutionality of the challenged statute is with respect to Woods's current confinement, which, as discussed above, he can challenge only through habeas corpus.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**.

2. The clerk of court close this case file.

At Panama City Beach, Florida, this <u>14th</u> day of April, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.